IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PAUL C. GAROFOLO,<br><br>    Petitioner,<br><br>vs.<br><br>ANTHONY J. ANNUCCI, Acting Commissioner, New York Department of Corrections and Community Supervision,[1]<br><br>    Respondent. | No. 9:14-cv-00590-JKS<br><br>MEMORANDUM DECISION |

   Paul C. Garofolo, a New York state prisoner proceeding *pro se*, filed a Petition for a Writ of Habeas Corpus with this Court pursuant to 28 U.S.C. § 2254. At the time he filed his Petition, Garofolo was in the custody of the New York State Department of Corrections and Community Supervision ("DOCCS") and incarcerated at Gowanda Correctional Facility. The DOCCS's inmate locator website (http://nysdoccslookup.doccs.ny.gov/, Department ID Number 12-B-3736), indicates that Garofolo was conditionally released to parole supervision on December 1, 2016. Garofolo has not filed a change of address with this Court. Respondent has answered the Petition, and Garofolo has replied.

## I. BACKGROUND/PRIOR PROCEEDINGS

   On January 26, 2009, Garofolo pleaded guilty in county court to driving while intoxicated in return for a sentence of 5 years' probation and a $2,500 fine. Thereafter, a petition alleging that Garofolo violated the terms of his probation was filed, and a hearing was conducted

---

   [1]   Because Garofolo has been conditionally released from state prison, Anthony J. Annucci, Acting Commissioner, New York Department of Corrections and Community Supervision, is substituted as Respondent. FED. R. CIV. P. 25(c).

on December 3, 2012, at which Garofolo was represented by counsel. Prior to the hearing, Garofolo asked the county court by letter to appoint new counsel, alleging that his counsel had not promptly and adequately responded to his letters. The county court denied the request. At the conclusion of the hearing, the county court determined that Garofolo violated his probation because he possessed and used drugs and alcohol, and it revoked Garofolo's sentence of probation and resentenced him to an indeterminate imprisonment term of $1\frac{1}{3}$ to 4 years.

Three days later, Garofolo pleaded guilty to first-degree criminal contempt in connection with his June 30, 2012, arrest for repeatedly threatening the mother of his child, in violation of a valid order of protection. Prior to accepting his guilty plea, the county court twice confirmed with Garofolo that he was satisfied with his plea counsel's representation. Garofolo additionally confirmed that he was not under the influence of drugs or alcohol, and that his regular prescription medicine did not impair his ability to understand the proceedings. He further confirmed that his plea was voluntarily made and of his own free will and that no one had threatened or coerced him into pleading. Garofolo also acknowledged the rights he was giving up by pleading, including his right to appeal, and signed a "waiver of right to appeal" form that stated that Garofolo "had a full and fair opportunity to discuss" the waiver of his right to appeal with his attorney and that any questions that he may have had about the waiver were answered to his satisfaction. In the course of his allocution, Garofolo admitted the factual basis of the charge against him. The county court then accepted Garofolo's plea and approved the waiver of appeal form. Garofolo was sentenced, as a second felony offender, to an indeterminate imprisonment term of 1½ to 3 years on that charge.

Garofolo then filed pursuant to New York Civil Procedure Law ("CPL") § 440.20 a *pro se* motion to set aside the sentence attached to his driving while intoxicated/probation violation conviction. According to Garofolo, the county court sentenced him to $1/3$ to 3 years for his probation violation but 3 days later imposed a harsher sentence of $1\,1/3$ to 4 years in violation of the Double Jeopardy Clause, he should be resentenced because there was a discrepancy between the sentencing minutes and the commitment form, and any sentence imposed for his probation violation should run concurrently with the sentence later imposed for his criminal contempt conviction.

With regard to his criminal contempt conviction, Garofolo also filed pursuant to CPL § 440.10 a *pro se* motion to set aside the judgment on the grounds that his plea counsel had not conducted an adequate investigation and had an impermissible conflict of interest. Garofolo additionally argued that the first-degree criminal contempt charge should be reduced to second-degree criminal contempt because he did not act with the requisite intent for a first-degree conviction.

The county court denied both the CPL §§ 440.10 and 440.20 motions. Garofolo sought leave to appeal both denials to the Appellate Division, which was summarily denied on January 27, 2014.

Garofolo then timely filed a *pro se* Petition for a Writ of Habeas Corpus to this Court on June 26, 2014. 28 U.S.C. § 2244(d)(1)(A).

## II. GROUNDS RAISED

In his *pro se* Petition before this Court, Garofolo raises three grounds for relief. First, he argues that his attorney for his criminal contempt case was ineffective because: a) he did not listen to certain recordings of calls that Garofolo made to his child's mother; and b) advised Garofolo that he did not know how to try Garofolo's case. He additionally contends that the evidence was insufficient to show the requisite intent for the first-degree criminal contempt charge. Finally, he claims that the sentencing transcript does not reflect the sentence listed in the Sentence and Commitment form for his violation of probation.

## III. STANDARD OF REVIEW

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2254(d), this Court cannot grant relief unless the decision of the state court was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," § 2254(d)(1), or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding," § 2254(d)(2). A state-court decision is contrary to federal law if the state court applies a rule that contradicts controlling Supreme Court authority or "if the state court confronts a set of facts that are materially indistinguishable from a decision" of the Supreme Court, but nevertheless arrives at a different result. *Williams v. Taylor*, 529 U.S. 362, 406 (2000).

To the extent that the Petition raises issues of the proper application of state law, they are beyond the purview of this Court in a federal habeas proceeding. *See Swarthout v. Cooke*, 131 S. Ct. 859, 863 (2011) (per curiam) (holding that it is of no federal concern whether state law was correctly applied). It is a fundamental precept of dual federalism that the states possess primary

authority for defining and enforcing the criminal law. *See, e.g.*, *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) (a federal habeas court cannot reexamine a state court's interpretation and application of state law); *Walton v. Arizona,* 497 U.S. 639, 653 (1990) (presuming that the state court knew and correctly applied state law), *overruled on other grounds by Ring v. Arizona*, 536 U.S. 584 (2002).

In applying these standards on habeas review, this Court reviews the "last reasoned decision" by the state court. *Ylst v. Nunnemaker*, 501 U.S. 797, 804 (1991); *Jones v. Stinson*, 229 F.3d 112, 118 (2d Cir. 2000). Where there is no reasoned decision of the state court addressing the ground or grounds raised on the merits and no independent state grounds exist for not addressing those grounds, this Court must decide the issues de novo on the record before it. *See Dolphy v. Mantello*, 552 F.3d 236, 239-40 (2d Cir. 2009) (citing *Spears v. Greiner*, 459 F.3d 200, 203 (2d Cir. 2006)); *cf. Wiggins v. Smith*, 539 U.S. 510, 530-31 (2003) (applying a de novo standard to a federal claim not reached by the state court). In so doing, the Court presumes that the state court decided the claim on the merits and the decision rested on federal grounds. *See Coleman v. Thompson*, 501 U.S. 722, 740 (1991); *Harris v. Reed*, 489 U.S. 255, 263 (1989); *see also Jimenez v. Walker*, 458 F.3d 130, 140 (2d Cir. 2006) (explaining the *Harris-Coleman* interplay); *Fama v. Comm'r of Corr. Servs.*, 235 F.3d 804, 810-11 (2d Cir. 2000) (same). This Court gives the presumed decision of the state court the same AEDPA deference that it would give a reasoned decision of the state court. *Harrington v. Richter*, 131 S. Ct. 770, 784-85 (2011) (rejecting the argument that a summary disposition was not entitled to § 2254(d) deference); *Jimenez*, 458 F.3d at 145-46. Under the AEDPA, the state court's findings of fact are presumed to be correct unless the petitioner rebuts this presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003).

IV. DISCUSSION

A.   Exhaustion

Respondent correctly contends that Garofolo has failed to exhaust two of his claims. This Court may not consider claims that have not been fairly presented to the state courts. 28 U.S.C. § 2254(b)(1); *see Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (citing cases). Exhaustion of state remedies requires the petition to fairly present federal claims to the state courts in order to give the state the opportunity to pass upon and correct alleged violations of its prisoners' federal rights. *Duncan v. Henry*, 513 U.S. 364, 365 (1995). A petitioner must alert the state courts to the fact that he is asserting a federal claim in order to fairly present the legal basis of the claim. *Id.* at 365-66. An issue is exhausted when the substance of the federal claim is clearly raised and decided in the state court proceedings, irrespective of the label used. *Jackson v. Edwards*, 404 F.3d 612, 619 (2d Cir. 2005). To be deemed exhausted, a claim must also have been presented to the highest state court that may consider the issue presented. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). In New York, to invoke one complete round of the State's established appellate process, a criminal defendant must first appeal his or her conviction to the Appellate Division and then seek further review by applying to the Court of Appeals for leave to appeal. *Galdamez v. Keane*, 394 F.3d 68, 74 (2d Cir. 2005). Further, "when a 'petitioner failed to exhaust state remedies and the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred,' the federal habeas court should consider the claim to be procedurally defaulted." *Clark v. Perez*, 510 F.3d 382, 390 (2d Cir. 2008) (citation omitted); *see also Grey v. Hoke*, 933 F.2d 117, 121 (2d Cir. 2001).

Here, Garofolo did not exhaust his legal sufficiency claim. Although he raised his legal sufficiency claim in the context of his ineffective assistance of counsel claim,[2] the Second Circuit Court of Appeals has indicated that an ineffective assistance claim is "distinct" from the claim whose omission suggests such ineffectiveness, and therefore, the underlying claim is not preserved for purposes of *habeas* review. *See Turner v. Artuz*, 262 F.3d 118, 123 (2d Cir. 2001) (per curiam). Courts have thus declined to find a claim to be exhausted when it has been presented to the state courts only in the context of an ineffective assistance claim. *Rush v. Lempke*, 500 F. App'x 12, 15 (2d Cir. Oct. 11, 2012) (finding that petitioner's right to self-representation claim would not be fairly presented to state courts if the petitioner were permitted to return to state court to file a *coram nobis* petition for ineffective assistance of appellate counsel based on a failure to raise the self-representation claim on appeal); *Hall v. Phillips*, 04 Civ. 1514, 2007 WL 2156656, at *5 (E.D.N.Y. Jul. 25, 2007) ("As courts in this circuit have consistently recognized, an ineffective assistance claim is an insufficient vehicle for exhausting the underlying allegations when those allegations are asserted for the first time as separate claims on habeas."). Garofolo's legal sufficiency argument thus cannot be deemed exhausted by his having argued it as the basis for an ineffective assistance of counsel claim. Moreover, Garofolo did not raise in federal constitutional terms his claim that the sentencing transcript does not reflect the sentence listed in the Sentence and Commitment Order for his probation violation. This claim is therefore also unexhausted.[3]

---

[2] Garofolo alleged that, if his attorney had conducted an investigation, he would have discovered that the evidence did not support the first-degree criminal contempt charge due to lack of intent.

[3] This Court has the discretion, but is not obligated, to stay these proceedings and hold the unexhausted claims in abeyance pending exhaustion in the state courts. *Day v.*

7

B.  Merits

In any event, even if Garofolo had fully exhausted his claims, he still would not be entitled to relief on them. For the reasons discussed below, the Court denies relief on the merits of his unexhausted claims. *See* 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State."). As further discussed below, the Court also denies relief on the merits of his exhausted ineffective assistance claim.

1.  *Tollett* Bar

It is well settled that a guilty plea represents a "break in the chain of events which has preceded it in the criminal process," and a defendant "may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea." *Tollett v. Henderson*, 411 U.S. 258, 267 (1973). "'He may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was not within [acceptable] standards.'" *United States v. Coffin*, 76 F.3d 494, 497 (2d Cir. 1996) (quoting *Tollett*, 411 U.S. at 267); *see United States v. Garcia*, 339 F.3d 116, 117 (2d Cir. 2003) ("It is well settled that a defendant who knowingly and voluntarily enters a guilty plea waives all non jurisdictional defects in the prior proceedings."). The *Tollett* bar also applies to "ineffective assistance claims relating to events prior to the guilty plea." *United States v. Coffin*,

---

*McDonough*, 547 U.S. 198, 209 (2006); *Rhines v. Weber*, 544 U.S. 269, 275-76 (2005). Even if Garofolo could establish the requisite good cause for failing to exhaust his claims, which does not appear from his filings, *Rhines* would still require that the Court deny his stay request because, as discussed *infra*, the claims are "plainly meritless." *Rhines*, 544 U.S. at 277. Likewise, a stay would be futile because, as discussed *supra*, a New York court would deny the claims as procedurally defaulted.

76 F.3d 494, 498 (2d Cir. 1996); *see also People v. Thomas*, 768 N.Y.S.2d 519, 520 (N.Y. App. Div. 2003) (holding that a claim of ineffective assistance of counsel, based on counsel's failure to challenge the indictment, was waived as the alleged failures did not undermine the voluntariness of defendant's guilty plea).[4]

By voluntarily pleading guilty, Garofolo forfeited his right to bring claims premised on errors that the trial court made or actions that his counsel should have taken prior to the plea process. The *Tollett* bar thus forecloses the majority of claims raised in Garolo's Petition, including his claim that counsel was ineffective for failing to listen to certain recordings of telephone calls and advising Garofolo that he did not know how to try the case (Ground 1) and there was insufficient evidence to establish the intent required for a first-degree criminal contempt conviction (Ground 2).

---

[4] The Ninth Circuit recently stated that "*Tollett*, properly understood, provides that although freestanding constitutional claims are unavailable to habeas petitioners who plead guilty, claims of pre-plea ineffective assistance of counsel are cognizable on federal habeas review when the action, or inaction, of counsel prevents petitioner from making an informed choice whether to plead." *Mahrt v. Beard*, ___ F.3d ___, 2017 WL 782447 (9th Cir. Mar. 1, 2017). But "circuit precedent does not constitute 'clearly established Federal law, as determined by the Supreme Court.' It therefore cannot form the basis for habeas relief under AEDPA." *See Parker v. Matthews*, 132 S. Ct. 2148, 2155 (2012) (citation omitted). Moreover, the Ninth Circuit applied that reasoning to a distinct claim not at issue here: that counsel was ineffective for failing to file a pre-plea motion to suppress evidence. Other courts, including the Supreme Court, have similarly addressed such claims on the merits because the claim, if true, affects the voluntariness of the plea such that they are not barred by *Tollett*. *See, e.g.*, *Premo v. Moore*, 562 U.S. 115, 123-32 (2011). Here, however, Garofolo fails to show a sufficient link between his claim that counsel failed to listen to listen recordings of telephone calls and the voluntariness of his plea. And even construing Garofolo's claim that counsel stated that he did not know how to try the case as coercing Garofolo into pleading guilty thus bypassing the *Tollett* bar, Garofolo still would not be entitled to relief because he provides nothing more than his unsupported assertion in support of that claim. *See Kimbrough v. Bradt*, 949 F. Supp. 2d 341, 355 (N.D.N.Y. 2013) ("It is well-settled in this Circuit that vague and conclusory allegations that are unsupported by specific factual averments are insufficient to state a viable claim for habeas relief.").

2. Remaining Claim

Garofolo's final claim (Ground 3) falls outside of the *Tollett* bar. In that claim, Garofolo alleges that the sentencing transcript for the sentence imposed on his probation violation does not reflect the sentence listed in the Sentence and Commitment form. Garofolo raised this claim in his CPL § 440.20 motion to vacate the sentence imposed for his violation of probation. In denying that motion, the county court reviewed Garofolo's sentencing minutes and found that the transcript "contained a court reporter's error." The court found that it had sentenced Garofolo to an indeterminate imprisonment term of $1\frac{1}{3}$ to 4 years, as reflected in the Court Clerk's Notes and the Uniform Sentence & Commitment form. That conclusion is fully supported by the record, and precludes any relief on that claim here.

V. CONCLUSION

Garofolo is not entitled to relief on any ground raised in his Petition.

**IT IS THEREFORE ORDERED THAT** the Petition under 28 U.S.C. § 2254 for a Writ of Habeas Corpus is **DENIED**.

**IT IS FURTHER ORDERED THAT** the Court declines to issue a Certificate of Appealability. 28 U.S.C. § 2253(c); *Banks v. Dretke,* 540 U.S. 668, 705 (2004) ("To obtain a certificate of appealability, a prisoner must 'demonstrat[e] that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further.'" (quoting *Miller-El*,

537 U.S. at 327)). Any further request for a Certificate of Appealability must be addressed to the Court of Appeals. *See* FED. R. APP. P. 22(b); 2D CIR. R. 22.1.

Dated: March 6, 2017.

                                                    /s/ James K. Singleton, Jr.
                                                JAMES K. SINGLETON, JR.
                                                Senior United States District Judge